Case.net:26SL-CC03804 - KAREN J. WATTS V. JOST CHEMICAL COMPANY (E-CASE) - Docket Entries

| **Respond to Selected Documents** |     Sort by date: Descending Ascending          Display options: All Entries ⌄

**05/19/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-7168, for JOST CHEMICAL COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**05/18/2026**

**Summ Req-Circuit Pers Serv**

Request.
   **Filed By:** FRANK ROBIN LEDBETTER
   **On Behalf Of:** KAREN J. WATTS

**Motion Special Process Server**

rE.
   **Filed By:** FRANK ROBIN LEDBETTER
   **On Behalf Of:** KAREN J. WATTS

**Notice of Dismissal**

THIS CASE IS MISSING THE STL COUNTY APPROVED REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER FORM. E-FILE THE STL COUNTY APPROVED REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER FORM SO THE SUMMONS CAN BE ISSUED. FOR FUTURE REFERENCE, THE SPS FORM MUST BE FILED ALONG WITH THE ORIGINAL FILING. IF USING A SPECIAL PROCESS SERVER, Per Local Rule 28 (E), you must submit the "Request for Appointment of Process Server" form, which can be found on the St. Louis County Court's Web Site. ONCE THE SPS FORM IS E-FILED, CONTACT THE CLERK AT 314-615-8470.

**05/15/2026**

**Filing Info Sheet eFiling**

   **Filed By:** FRANK ROBIN LEDBETTER

**Note to Clerk eFiling**

   **Filed By:** FRANK ROBIN LEDBETTER

**Pet Filed in Circuit Ct**

Petition to Remedy Discrimination in Violation of the ADEA; Verfiication of Petition; Exhibit 1-Notice of Right to Sue from the EEOC.
   **Filed By:** FRANK ROBIN LEDBETTER
   **On Behalf Of:** KAREN J. WATTS

**Judge Assigned**

DIV 1

**EXHIBIT 1**



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03804 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KAREN J. WATTS | Plaintiff's/Petitioner's Attorney/Address<br>FRANK ROBIN LEDBETTER<br>141 N. MERAMEC AVENUE<br>SUITE 24<br>CLAYTON, MO  63105 | |
| vs. | | |
| Defendant/Respondent:<br> JOST CHEMICAL COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:**     **JOST CHEMICAL COMPANY**
**Alias:**
**JERRY JOST, REG AGT**
**8150 LACKLAND ROAD**
**SAINT LOUIS, MO  63114-4524**

**Other Addresses:**


You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 19-MAY-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

**Case Number: 26SL-CC03804**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Officer or Server                            Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
Date                                Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029


SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI  63105

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 26SL-CC03804      COURT DATE:
PLAINTIFF: KAREN J. WATTS      COURT TIME:
DEFENDANT: JOST CHEMICAL COMPANY,      DIVISION:
DATE OF DISMISSAL NOTICE: 18-MAY-2026

### DISMISSAL NOTICE

Your petition/pleading(s) have been accepted but no summons or notice can be issued based on the pleadings filed by the party initiating the above referenced case.  Corrective pleadings are necessary.  The Court cannot proceed further at this time.  Please file corrective pleadings as follows:

THIS CASE IS MISSING THE STL COUNTY APPROVED REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER FORM. E-FILE THE STL COUNTY APPROVED REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER FORM SO THE SUMMONS CAN BE ISSUED. FOR FUTURE REFERENCE, THE SPS FORM MUST BE FILED ALONG WITH THE ORIGINAL FILING. IF USING A SPECIAL PROCESS SERVER, Per Local Rule 28 (E), you must submit the "Request for Appointment of Process Server" form, which can be found on the St. Louis County Court's Web Site. ONCE THE SPS FORM IS E-FILED, CONTACT THE CLERK AT 314-615-8470.

The party initiating this case must file pleadings that correct these insufficiencies within seven (7) business days of the date this *Dismissal Notice* is issued or this case will be dismissed for failure to prosecute with costs assessed to initiating party in accordance with Rule 77.01.  No extensions will be permitted unless otherwise ordered by the Court.

**Please return this memo with the corrected or new pleading.**

For additional information regarding this matter you may contact: ADAM at: (314) 615-8470.

JOAN GILMER, CIRCUIT CLERK



26SL-CC03804

Electronically Filed - St Louis County - May 15, 2026 - 07:19 PM

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website: www.eeoc.gov

### <u>NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/17/2026

**To:** Ms. Karen J. Watts
5412 Bancroft Avenue
Saint Louis, MO 63109

Charge No: 560-2025-03152

EEOC Representative and email:    Jason Wilson
Equal Opportunity Investigator
Jason.Wilson@eeoc.gov

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge. The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of the EEOC's official notice of dismissal. Otherwise, your right to sue based on the above-numbered charge will be lost.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 560-2025-03152.

On behalf of the Commission,

**Stephanie Williams**
Digitally signed by Stephanie Williams
Date: 2026.02.17 12:03:15 -06'00'

David Davis
District Director

Electronically Filed - St Louis County - May 15, 2026 - 07:19 PM

Cc:
Megan Morris
Jost Chemical Company
8150 Lackland Road
Saint Louis, MO 63114


Please retain this Notice for your records.

Electronically Filed - St Louis County - May 15, 2026 - 07:19 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**
**21ST JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| **KAREN J. WATTS,** | ) | |
| | ) | **Case No.:** |
| **Plaintiff,** | ) | |
| | ) | **Division** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **JOST CHEMICAL COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **Serve:  Jerry Jost, President** | ) | |
| **Jost Chemical Company** | ) | |
| **8150 Lackland Road** | ) | |
| **Saint Louis, MO 63114-4524** | ) | |

**PETITION TO REMEDY DISCRIMINATION IN VIOLATION OF THE ADEA**

COMES NOW, plaintiff Karen J. Watts (the "Plaintiff"), by and through her undersigned counsel, and for her Petition against defendant Jost Chemical Company ("Jost Chemical"), states as follows:

**INTRODUCTION**

1. This lawsuit is being brought by Plaintiff to seek redress for unlawful employment discrimination against Plaintiff based on Plaintiff's age.

**PARTIES**

2. Plaintiff is an adult female citizen of the State of Missouri and all times relevant herein was domiciled in Saint Louis City, Missouri.  Plaintiff is a 70-year-old Caucasian female.

3. Jost Chemical is a for-profit corporation incorporated in the State of Missouri with its principal place of business located at 8150 Lackland Road, Saint Louis, Missouri 63114-4524. Jerry Jost of 8 Danfield Road, Ladue, Missouri 63124 is its president, secretary, vice president,

1

Electronically Filed - St Louis County - May 15, 2026 - 07:19 PM

treasurer, and director.  Defendant's registered agent is Danna McKitrick, P.C., whose address is 7701 Forsyth Boulevard, Suite 1200, St. Louis, Missouri 63105.

## JURISDICTION AND VENUE

4.   The Saint Louis County Circuit Court has jurisdiction over Plaintiff's claims brought herein pursuant to RSMO § 213.111 and/or RSMO § 508.010.  Venue is proper in the Saint Louis County Circuit Court because Plaintiff's employment with and by Defendant at all times relevant herein occurred within Saint Louis County, Missouri.  Plaintiff's damages exceed $25,000.00.

## CLAIM FOR DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

5.   Defendant at all times relevant herein employed in excess of 20 employees as employees are defined under the Age Discrimination in Employment Act of 1967 ("ADEA.")

6.   Plaintiff at all times relevant herein was over 40 years of age.

7.   Jost Chemical hired Plaintiff on or about November 9, 2020 as an information technology business analyst focusing on special projects in Jost Chemical's information technology ("IT") department.

8.   Jost Chemical continued to employ Plaintiff as an information technology business analyst until Jost Chemical involuntarily terminated Plaintiff's employment on or about June 16, 2025.

9.   Plaintiff at all times while employed by Jost Chemical Plaintiff performed her work duties for Defendant in a consistently diligent manner, exercised good judgment throughout her employment, followed all of Defendant's directions throughout her employment, and refrained from any misconduct.

10. In or about February 2023 employee(s) in a supervisory capacity over Plaintiff began engaging in conduct toward Plaintiff that Plaintiff considered to be harassive conduct.

11. Jost Chemical's supervisory employee(s) engaged in ongoing harassive conduct toward

2

Electronically Filed - St Louis County - May 15, 2026 - 07:19 PM

Plaintiff that Plaintiff did not observe directed at employees who were younger than Plaintiff.

12. Jost Chemical terminated the employment of three other female employees over the age of 50.  Upon information and belief, the termination of those three employees was not for good cause.

13.   Tim Smick was Plaintiff's direct supervisor during Plaintiff's employment with Jost Chemical since in or about December 2023 until the termination of Plaintiff's employment.

14. Tim Smick frequently made hostile comments to Plaintiff without cause since in or about December 2023.

15. Plaintiff repeatedly reported to Bill Sanders, who was at all times relevant the IT department's manager, Tim Smick's hostile comments to Plaintiff with requests that Bill Sanders stop Tim Smick's hostile comments to Plaintiff.

16. Despite Plaintiff's reports of hostile comments by Plaintiff's direct supervisor to Plaintiff's department manager, Tim Smick was allowed to continue making ongoing harassive comments to Plaintiff.

17. In 2024, Tim Smick began leaving Plaintiff out of processes that Plaintiff previously had been included in.

18. In 2024, Plaintiff made a discrimination complaint against Tim Smick to human resources department manager Megan Morris, which did not result in Jost Chemical taking action to cause harassive, discriminatory against Plaintiff to cease.

19. Jost Chemical allowed Tim Smick to continue to engage in harassive, discriminatory conduct toward Plaintiff after Plaintiff's human resources complaint to Megan Morris.

20. By 2024, Jost Chemical discriminated against Plaintiff by denying Plaintiff access to relevant updated or otherwise changed processes that were relevant to Plaintiff's job duties and necessary for Plaintiff to access.

3

Electronically Filed - St Louis County - May 15, 2026 - 07:19 PM

21. On June 16, 2025, Jost Chemical notified Plaintiff that it was terminating Plaintiff's employment based on unsubstantiated, false allegations that Plaintiff was in unauthorized possession of proprietary documents of Jost Chemical on a personal device of Plaintiff's.

22. Plaintiff did not have any unauthorized possession of any Jost Chemical proprietary documents on a personal device of hers.

23. Jost Chemical afforded Plaintiff no opportunity to produce evidence that Plaintiff did not have unauthorized proprietary documents of the employer in her possession.

24. Upon information and belief, Jost Chemical's purported reason for Plaintiff's employment termination was pretextual and the true motivation for Plaintiff's employment was Plaintiff's being 69-years-old.

25. Upon information and belief, Jost Chemical has assigned Plaintiff's job duties to employees substantially younger than Plaintiff after Plaintiff's employment termination.

26. Plaintiff on or about January 21, 2026 filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC").

27. The EEOC numbered the Charge as 560-2025-03152.

28. Plaintiff in the Charge alleged that she believed that she and other employees had been harassed and otherwise discriminated against due to their age in violation of the ADEA.

29.  On February 17, 2026, the EEOC issued to Plaintiff a notice of right to sue (the "Notice").

30. The Notice is attached hereto as Plaintiff's "Exhibit 1" and incorporated herein.

31. EEOC employee Stephanie Williams digitally signed the Notice.

32. The Notice stated that the EEOC was "terminating the processing of this charge."

33. The Notice stated that the EEOC was "closing your case."

34. The Notice stated that the Notice "is official notice that the EEOC has dismissed your

Electronically Filed - St Louis County - May 15, 2026 - 07:19 PM

charge and has issued you notice of you right to sue the respondent(s) on this charge."

35. Jost Chemical subjected Plaintiff to ongoing, persistent harassment and eventually employment termination based upon her being nearly 70 years of age.

36. Plaintiff has suffered emotional distress as a result of Jost Chemical's discriminatory conduct against her based upon her age and has suffered lost wages in excess of $25,000.00 as a result of Jost Chemical's termination of her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter a judgment against Defendant for her claim of discrimination in violation of the Age Discrimination in Employment Act of 1967 including: an award of a sum of money making Plaintiff whole for the harm Defendant caused Plaintiff, including compensatory damages, back pay, lost future wages, lost benefits, , costs and expenses of litigation, and award of reasonable attorney's fees, pre-judgment interest, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper in the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims and issues that are so triable pursuant to Missouri Supreme Court Rule 69.01.

Respectfully submitted,

LEDBETTER LAW FIRM, LLC

By: /s/ Frank Ledbetter
Frank Ledbetter, MBE#53521
130 S. Bemiston Avenue
Clayton, MO 63105
(314) 602-1431-Telephone
(314) 667-3804-Facsimile
stlatty@gmail.com
Attorney for Plaintiff

5

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 04:34 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

KAREN J. WATTS
Plaintiff/Petitioner

vs.

JOST CHEMICAL COMPANY
Defendant/Respondent

May 18, 2026
Date

26SL-CC03804
Case Number

1
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __KAREN J. WATTS_____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Robert F. Pedroli, Jr.            130 S. Bemiston Avenue, Suite 300, Clayton, MO 63105            (314) 775-4948
Name of Process Server            Address                                                          Telephone

Name of Process Server            Address or in the Alternative                                    Telephone

Name of Process Server            Address or in the Alternative                                    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Jerry Jost, President of Jost Chemical Company
Name
8150 Lackland Road
Address
Saint Louis, MO 63114-4524
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER, Circuit Clerk**


By _____
Deputy Clerk


_____
Date

Signature of Attorney/Plaintiff/Petitioner
53521
Bar No.
130 S. Bemiston Ave., Suite 304, Clayton, MO 63105
Address
(314) 602-1431                    (314) 667-3804
Phone No.                          Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 04:34 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 04:34 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

KAREN J. WATTS
Plaintiff/Petitioner

vs.

JOST CHEMICAL COMPANY
Defendant/Respondent

May 18, 2026
Date

26SL-CC03804
Case Number

1
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __KAREN J. WATTS__, pursuant
                            Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Robert F. Pedroli, Jr. | 130 S. Bemiston Avenue, Suite 300, Clayton, MO 63105 | (314) 775-4948 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Jerry Jost, President of Jost Chemical Company
Name
8150 Lackland Road
Address
Saint Louis, MO 63114-4524
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER, Circuit Clerk**

By _____/S/ Adam Dockery_____
        Deputy Clerk

_____05/19/2026_____
Date

Signature of Attorney/Plaintiff/Petitioner
53521
Bar No.
130 S. Bemiston Ave., Suite 304, Clayton, MO 63105
Address
(314) 602-1431            (314) 667-3804
Phone No.                   Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 04:34 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 04:34 PM

## In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

KAREN J. WATTS
Plaintiff/Petitioner

vs.

JOST CHEMICAL COMPANY
Defendant/Respondent

May 18, 2026
Date

26SL-CC03804
Case Number

1
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __KAREN J. WATTS_____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Robert F. Pedroli, Jr.        130 S. Bemiston Avenue, Suite 300, Clayton, MO 63105        (314) 775-4948
Name of Process Server        Address        Telephone

Name of Process Server        Address or in the Alternative        Telephone

Name of Process Server        Address or in the Alternative        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:

Jerry Jost, President of Jost Chemical Company
Name
8150 Lackland Road
Address
Saint Louis, MO 63114-4524
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By _____
Deputy Clerk

_____
Date

Signature of Attorney/Plaintiff/Petitioner
53521
Bar No.
130 S. Bemiston Ave., Suite 304, Clayton, MO 63105
Address
(314) 602-1431        (314) 667-3804
Phone No.        Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 04:34 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/22

Electronically Filed - St Louis County - May 15, 2026 - 07:19 PM

STATE OF MISSOURI              )
                               )
CITY OF SAINT LOUIS            )

## VERIFICATION

Karen J. Watts, being duly sworn, deposes and says:  That she is the Plaintiff in the above-entitled action, that she has read the foregoing Petition and knows the contents thereof and that the same is true to her own knowledge, except as to those manners and things therein alleged upon information and belief, and that to any such matters and things as are therein so alleged upon information and belied, she believes them to be true.

This is the __15th__ day of May 2026.

_Karen J. Watts_
Karen J. Watts

Sworn and subscribed before me,
this the __15th__ day of May 2026

_Madison Sheppard_
Notary Public

MADISON SHEPPARD
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES SEPTEMBER 25, 2028
ST. LOUIS CITY
COMMISSION #24906131

My Commission Expires:

September 25, 2028

6